W. S. CURRIE and Wife, ALICE CURRIE, v. F. B. KERR.

CONVEYANCE. *Married women. Certificate.* The certificate of acknowledgment of a married woman to a conveyance which omits "and for the purposes therein expressed," is defective and vitiates the validity of the conveyance.

FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch..

Currie *v.* Kerr.

A. D. Bright for complainants.

Benj. J. Lea for defendant.

Cooke, Sp. J., delivered the opinion of the court.

This was a bill filed to restrain the sale of the homestead interest of complainant, Alice Currie, in a house and lot, under a deed of trust executed by the complainants to the respondent, upon the grounds that the signature of complainant Alice was obtained to said deed by false and fraudulent representations on part of the commissioner who procured her signature to the deed and took her privy examination, as to the contents and character of the instrument she was requested to sign; and also because the certificate of her privy examination and acknowledgment is defective.

It is not perhaps clearly shown that any actual fraud or misrepresentation was practiced upon the complainant Alice to induce her to sign the deed, but the preponderance of the testimony does show that she was misled rather by inadvertance or design as to the character of the instrument she was signing, and the proof does clearly show that she neither read the deed nor was it read to her, and that she was not examined by the officer touching her knowledge of its contents or effect. It is in proof both by her own testimony, which is very pointed and explicit, as well as that of another witness who was present, that she said at the time she signed this deed that she never would sign away her homestead, and she states positively that the paper she signed was represented to her by the com-

missioner who took her examination and who brought the deed to her to sign, that it was to perfect the right to a tract of land her husband had sometime before that, sold to a man by the name of Moore, and that she knew said commissioner well and had full confidence in him, and trusting to his representation she signed the same without reading it, and believing it was a paper perfecting the title to the land sold to Moore.

The commissioner, while he testifies very positively that he did not practice any fraud or deception upon her, or tell her that the paper was a deed to the land sold to Moore, or for the purpose of perfecting the right to that land, yet he does not pretend to remember a word that was said or an occurrence that took place upon the occasion, but says his memory is not good, and evidently bases his denial alone upon the fact that he had no interest in the matter, or motive to so represent it to her, and that it would have been false if he had done so. And also bases a statement that she acknowledged the deed in the manner stated in his certificate, alone upon the fact that he made the certificate and would not have made it if she had not done so. There are facts in the record aside from his very prompt admission, showing that the memory of this witness is not by any means good.

But whether the complainants would be entitled to relief alone on this ground, it is not necessary in the view we take of the case to determine. Section 2076 of the Code, among other things, contains the following provisions: "The officer or court before whom the

execution of such deed or instrument is acknowledged or proved, shall examine the wife privily and apart from her husband, touching her voluntary execution of the same, *and her knowledge of its contents and effect.*" \* \* \* And if such officer is satisfied *she fully understands the same,* he shall in addition to the certificate of probate or acknowledgment above prescribed, also put on the back of the deed, or annex to it, the following certificate:

"And —— ——, wife of the said —— · ——, having appeared before me privately and apart from her. husband, the said —— ——, acknowledged ʳthe execution of the said deed to have been done by her, freely, voluntarily and understandingly, without compulsion or constraint from her said husband, and for the purposes therein expressed. Witness, etc."

The commissioner, when he comes to make this certificate, follows the prescribed form substantially until he comes to the words "*and for the purposes therein expressed,*" which are wholly omitted from the certificate, and no words of any description substituted in their stead.

By section 2080 of the Code, it is provided "that the *unintentional* omission by the clerk of any words in a certificate of acknowledgment, or probate of any deed or other instrument, shall in no wise vitiate the validity of such deed, but the same shall be good and valid to all intents and purposes, if the substance of the authentication required by law is in said certificate."

The question to be determined is, does the certifi-.

cate of the commissioner to the deed in question contain the substance of the authentication required by sec. 2076 of the Code, or, in other words, does the certificate in question contain precisely the same substance and meaning without the omitted words "and for the purposes therein expressed," as it would with those words inserted?

"It is settled by our decisions, and seems to be the principle upon which most of them rest, that a set form being prescribed, all implication as to every material fact made necessary by the law is entirely excluded: 9 Baxt., 294; 1 Cold., 225.

"It was the intention of the Legislature to make the execution of a deed by a married woman one of the most solemn acts known to the law; and the clerk in taking the privy examination must not only be satisfied that she understands the nature of the act, but that she fully understands it, and as evidence that he has performed his duty, he must put on the back of the record, or annex to it, the *prescribed* certificate."

The execution of the deed to pass the married woman's estate and title is imperfect and incomplete until the official act of the clerk or other officer is made perfect and complete by meeting in letter and spirit every requirement of the statute. " A conveyance by a married woman of her estate must be in strict accordance with the letter of the statute," and "the statute must be construed strictly": *Rhea* v. *Isley,* 1 Leg. Rep., 292.

In the case of *Ellett* v. *Richardson & Co.,* 9 Baxt., 295, the words "and having been examined" were

omitted from the certificate, and the court say this is not a mere verbal omission, and that it is not included in the fact of the acknowledgment of the execution of the instrument.

In view of the facts of this case that the complainant did not read the deed, nor was it read to her, or the contents made known to her, and that she was not examined touching her *knowledge of the contents and effect,* we can see that the words omitted, "and for the purposes therein expressed," could give an additional signification and an extended and more comprehensive meaning to the certificate than it has without them; and as the record shows satisfactorily that in point of fact she did not know what were the purposes expressed in the deed, and as said commissioner neither explained them to her nor examined her touching her knowledge of them, this portion of the required certificate might well have been omitted by design.

In the case of *Davis* v. *Bogle,* 11 Heis., 317, it was decided that the words in a certificate "for the purposes herein *specified,"* were equivalent to the words prescribed in the statute, "for the purposes therein *contained,"* as the word "specified" was quite as comprehensive as the word "contained," thus in effect holding that these words, or their equivalents, were essential to the validity of the certificate, and we hold to that opinion. It follows, therefore, that the certificate is defective, and the complainant has not parted with her right of homestead in the premises in question.

The chancellor so held, and we affirm his decree with costs.